ABRAHAM. F. RIGHTOR et al. *v.* A. S. PHELPS.—WM. P. SUNDERLAND and J. PHELPS, Garnishees.

Proceedings in garnishment under the Act of the 20th March 1839, p. 166, are commenced by petition and interrogatories ; and the property and effects in the possession of the garnishee belonging to the defendant in execution, can only be decreed to be levied or seized by the Sheriff from the date of the service of the interrogatories on such garnishee ; and if the plaintiff in execution relies upon a seizure under his writ, prior to the commencement of his suit in garnishment he must show an actual seizure of the property in the manner prescribed by law ; otherwise such seizure will be of no avail to him.  C. P. Arts. 651–654

APPEAL from the Sixth District Court of New Orleans, *Howell, J.*

*Whittaker & Fellows,* for plaintiffs and appellants.  *Hayes & Adams,* for defendants.

LAND, J.  A writ of *fieri facias,* issued in the suit entitled *John Conway et als.* v. *A. S. Phelps,* being in the hands of the sheriff, he served a notice of seizure under the writ, on the 13th of February, 1860, on *William P. Sunderland* and *John Phelps ;* in which notice of seizure the sheriff declared that he seized in their hands, all the goods, chattels, lands, tenements, rights and credits belonging to the defendant, *A. S. Phelps ;* but no actual seizure of any property under the writ was made by him.

On the 15th of February, 1860, the plaintiffs in this suit, who were also plaintiffs in execution in the case of *John Conway et als.* v. *A. S. Phelps,* instituted proceedings in garnishment under the writ, by petition and interrogatories to *W. P. Sunderland* and *John Phelps,* as garnishees ; and on the same day caused the petition and interrogatories to be served on them.

On the 14th of February, 1860, the day after the service of the notice of seizure, *W. P. Sunderland* and *John Phelps* parted with the possession and control of certain property and effects which they held for *A. S. Phelps,* the defendant in execution.

The garnishees answered the interrogatories propounded to them, and explicitly denied that any notice of seizure was served on them in the present suit in garnishment, on the 13th of February, 1860 ; and they further denied that they were either indebted to the defendant, or had in their hands, or under their control, any property, money or effects belonging to him, at the time of the service of the interrogatories in this suit, with the exception of an article of small value in the possession of *Sunderland.*

The answers of the garnishees having been filed in court, the plaintiffs took a rule on *W. P. Sunderland,* to show cause why judgment should not be entered against him for the sum of twenty-six thousand six hundred dollars, the amount of judgment against the defendant, remaining unpaid, and interest from the 13th of February, 1860, the date of the service of notice of seizure by the sheriff on him.  The plaintiffs also took a rule on *John Phelps,* to show cause why judgment should not be rendered against him for the sum of three thousand four hundred and four dollars and twenty-five cents, with interest from the 13th of February, 1860, the date of the service of the notice of seizure on him by the sheriff.

The grounds on which the rules were taken against the garnishees, were substantially the same, and are as follows :

14

RIGHTOR
*v.*
PHELPS.

First, because their answers to the interrogatories propounded, are evasive, and not responsive. Secondly, because it is not true that the garnishees had no service of notice of seizure in this case, except the service of interrogatories; they having received notice of seizure on the 13th of February, 1860, by personal service. And thirdly, because the garnishees, in their answers, acknowledge that they had in their hands, property and effects belonging to *A. S. Phelps*, the defendant in execution, on and before the 14th of February, 1860, at the time, and subsequent to the service of notice of seizure on them by the sheriff.

The answers of the garnishees to the interrogatories, are direct and positive, and the only question which arises upon the rules taken by the plaintiffs, is whether the notice of seizure served by the sheriff under the writ of execution, on the 13th of February, 1860, on *W. P. Sunderland* and *John Phelps*, operated a seizure of the property in their hands belonging to the defendant. If the notice itself did not in law operate a seizure of the property, the service of the notice was then a vain and useless thing, without any legal effect whatever.

The law requires the sheriff having in his hands a writ of *fieri facias*, to seize the property of the debtor to a sufficient amount to discharge the judgment, as well as interest and costs; and so soon as he shall have executed the writ, to give notice thereof in writing to the debtor, and to annex thereto a list of the property seized, which he shall deliver to him in person, or leave at his place of ordinary residence. C. P., Arts. 651–654. It is clear from these provisions of the law, that a seizure by the sheriff is an act which must precede his notice of seizure to the debtor; and that in point of fact, if there be no actual seizure by the sheriff, his notice of seizure is untrue in itself, and cannot have, under a writ of *fieri facias*, the effect of an actual seizure, but is, *per se*, a vain and useless thing.

From this view of the law of the case it follows, that the property and effects in the hands of *W. P. Sunderland* and *John Phelps*, belonging to the defendant in execution, were not seized by the sheriff under the writ on the 13th of February, 1860; and that the seizure in garnishment was not made until the 15th of the same month, on which day the petition and interrogatories were served on the garnishees.

Proceedings in garnishment under the Act of the 20th of March, 1839, p. 166, are commenced by petition and interrogatories, and the property and effects in the possession of the garnishee belonging to the defendant in execution, can only be decreed to be levied or seized by the sheriff from the date of the service of the interrogatories on such garnishee; and if the plaintiff in execution relies upon a seizure under his writ, prior to the commencement of his suit in garnishment he must show an actual seizure of the property in the manner prescribed by law, otherwise such seizure will be of no avail to him.

Whether the garnishees could be made liable to the plaintiffs, for parting with the possession and control of the property belonging to the defendant in execution, between the dates of the service of notice of seizure, and of the interrogatories, is a question which cannot be considered under the pleadings in this case, and is one on which we express no opinion.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.